UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

AARON DAY,
Plaintiff,
v.
SAN DIEGO UNIFIED SCHOOL DISTRICT; GRACIELA ROSAS; JEFFREY DAY; and DOES 1-10,
Defendants.

Case No.: 3:25-cv-03190-JES-MMP

**ORDER GRANTING MOTION TO DISMISS**

**[ECF No. 9]**

Presently before the Court is Defendants' San Diego Unified School District ("SDUSD"), Graciela Rosas ("Rosas") and Jeffrey Day's (collectively "Defendants") motion to dismiss the First Amended Complaint. ECF No. 9. Plaintiff Aaron Day ("Plaintiff") filed a response and Defendants filed a reply. ECF Nos. 11 ("Opp'n"), 12 ("Reply"). On March 11, 2026, the Court heard oral argument on the motion. ECF No. 13. For the reasons stated below, the Court **GRANTS** the motion to dismiss all causes of action.

//

## I. BACKGROUND

Plaintiff makes the following allegations in the First Amended Complaint: on or about September 2024, he served a valid subpoena duces tecum on Birney Elementary School, requiring the preservation and production of video footage relevant to allegations made against him in his family court proceedings. ECF No. 6 ("FAC") ¶ 13. At the time of service of the subpoena Principal Rosas and other SDUSD personnel were fully aware that litigation was ongoing and that the subpoena triggered a duty to preserve the requested video. *Id.* ¶ 14. Despite that obligation, SDUSD failed to implement any retention procedure, litigation hold, or preservation directive, resulting in the video being automatically deleted. *Id.* ¶ 15. The deletion occurred after the subpoena was served and after employees were notified of its relevance to pending judicial proceedings. *Id.* ¶ 16. Plaintiff made repeated attempts to obtain the video and confirm its status, but SDUSD failed to provide timely responses, failed to disclose the impending deletion and notified Plaintiff only after the video was deleted. *Id.* ¶ 17.

SDUSD's failure was not accidental or isolated as they have a history of failing to properly preserve electronic records, including emails and videos. *Id.* ¶18. SDUSD has also been involved in litigation concerning retention practices. *Id.* Further, SDUSD lacked adequate policies, training, and supervision regarding compliance with subpoenas, litigation holds, and preservation of electronic evidence. *Id.* ¶ 19.

The deleted video contained exculpatory evidence contradicting false allegations made against Plaintiff in his family court proceedings. *Id.* ¶ 20. The absence of the video prevented Plaintiff from presenting a complete defense. *Id.* As a result, the family court accepted false allegations and issued adverse rulings, including a domestic violence restraining order and custody determinations deeply affecting Plaintiff's life. *Id.* ¶ 21. The deletion of the video, concealment of its deletion, and resulting judicial errors caused Plaintiff severe emotional distress, reputational damage, financial harm, and loss of parental rights. *Id.* ¶ 22.

Plaintiff alleges six causes of action: (1) Fourteenth Amendment Right to Familial Association pursuant to 42 U.S.C. § 1983; (2) Denial of Access to the Courts pursuant to 42 U.S.C. § 1983; (3) Fraud on the Court pursuant to 42 U.S.C. § 1983; (4) Civil Conspiracy to Violate Constitutional Rights; (5) *Monell* liability pursuant to 42 U.S.C. § 1983; and (6) Intentional Spoliation of Evidence. FAC ¶¶ 25-41.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

**B. Federal Rule of Civil Procedure 8**

Under FRCP 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). While a pro se plaintiff's complaint is construed liberally, a plaintiff must still allege a minimum factual and legal basis for each claim sufficient to give a defendant fair notice of what the claims are and the grounds upon which they rest. *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). To this end, a complaint must be logically organized and clearly specify each claim, so that the defendant would have "no difficulty in responding to the claims[.]" *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131-23 (9th Cir. 2008).

A district court may dismiss an entire complaint for lack of clarity when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Such a dismissal is appropriate where a complaint's "true substance, if any, is well disguised." *Hearns*, 530 F.3d at 1131 (internal quotation marks omitted) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). A district court may also dismiss a complaint in which "'each count ... adopts the allegations of all preceding counts'" such

that "'[i]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Ewing v. Freedom Forever, LLC*, No.: 23-CV-1240 JLS (AHG), 2024 WL 221777, at *4 (S.D. Cal. Jan. 19, 2024) (quoting *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014)).

## III. DISCUSSION

### A. Familial Association Claim

Defendants argue that Plaintiff fails to state a section 1983 claim for familial association because he does not allege an underlying constitutional violation. ECF No. 9-1 ("Mot.") at 10. Further, Defendants argue that Plaintiff's allegations rest on the conclusory assertion that school employees caused adverse family court outcomes, but did not allege any facts showing that Defendants removed a child, initiated dependency proceedings, or otherwise interfered with custody of Plaintiff's child. *Id.* at 10-11. Plaintiff argues the constitutional injury alleged here is not the issuance of the restraining order itself, but "the loss of meaningful access to present uniquely probative evidence in a live judicial proceeding." Opp'n at 3.

The loss of meaningful access to present uniquely probative evidence in a live judicial proceeding is not a constitutional right. Nowhere in the FAC does Plaintiff identify any specific constitutional right that Defendants allegedly violated. Without an underlying constitutional violation, a derivative familial association claim cannot stand. *Mbegbu v. City of Phoenix*, No. CV-16-00424-PHX-DGC, 2017 WL 4679260, at *9 (D. Ariz. Oct. 18, 2017). At oral argument, Plaintiff did not articulate any constitutional right that he could allege in an amended complaint. Therefore, the Court **DISMISSES with prejudice** the section 1983 familial association claim as amendment would be futile.

### B. Denial of Access to the Courts Claim

Defendants argue that Plaintiff has not alleged an injury in fact because he fails to identify the loss of any concrete, nonfrivolous underlying claim resulting from the alleged destruction of evidence. Mot. at 13. Further, Defendants argue that Plaintiff makes conclusory statements about the "critical" and "exculpatory" substance of the video but

does not plead any factual allegations describing the substance of the video or how the absence of the video directly caused an adverse outcome in the family court proceedings. *Id.* Additionally, Defendants argue that Plaintiff failed to plead with specificity the nonfrivolous underlying claim that was lost. *Id.* at 14. Plaintiff contends the FAC sufficiently alleges a backward-looking claim of denial of access to the courts. Opp'n at 2-3.

The Supreme Court has identified two categories of cases regarding the denial of access to the courts, forward-looking claims and backward-looking claims. *Christopher v. Harbury*, 536 U.S. 403, 412-13 (2002). A forward-looking claim occurs when "systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Id.* at 413. A backward-looking claim covers claims "in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Id.* at 413-14. A backward-looking claim requires Plaintiff to show: "(1) the loss of a nonfrivolous or arguable underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Nevada Dept. of Corrections v. Cohen*, 581 F. Supp. 2d 1085, 1091 (2008).

Here, Plaintiff argues that the DVRO hearing "turned on disputed factual allegations." Opp'n at 3. However, the FAC contains no such plausible allegations. *See generally* FAC. Further, the FAC does not plausibly allege that the absence of the video footage undermined or affected the DVRO proceedings. The FAC fails to allege an actual injury through the loss of a nonfrivolous underlying claim. *See generally* FAC. The FAC is conclusory regarding any injury through the loss of a nonfrivolous underlying claim. Therefore, the Motion to Dismiss the denial of access to the courts claim is **GRANTED** and the denial of access to the courts claim is **DISMISSED without prejudice** and with leave to amend.

//

//

**C. Fraud on the Court Claim**

Defendant argues that fraud on the court is a basis for recission or relief from a final judgment or order, not a standalone section 1983 cause of action. Mot. at 14. The Court agrees.

A "'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.,* 892 F.2d 1115, 1118 (1st Cir. 1989) (citing *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)). However, there is no independent cause of action for damages resulting from fraud on the court. *Lake v. Scheidt*, No. 6:20-cv-00850-AA, 2021 WL 3559453, *2 (D. Oregon Aug. 11, 2021); *see also Montez v. Chase Home Fin. LLC*, No. 3:18-cv-02899-BEN-LL, 2019 WL 1950388, at *3 (S.D. Cal. May 1, 2019).

To the extent Plaintiff seeks an award for damages for fraud on the court, he fails to state a claim because no such independent cause of action exists and Defendant's motion to dismiss the fraud on the court cause of action is **GRANTED** and the fraud on the court cause of action is **DISMISSED with prejudice**.

**D. Civil Conspiracy**

Defendant argues that Plaintiff's cause of action for civil conspiracy fails without an underlying constitutional violation and for lack of facts to support a specific agreement. Mot. at 15-16. At the oral argument hearing, Plaintiff acknowledged that he does not oppose the dismissal of this cause of action. Thus, the civil conspiracy cause of action is **DISMISSED with prejudice**.

//

//

//

//

**E. *Monell* Claim**

Defendant argues that Plaintiff's *Monell* claim fails because Plaintiff does not allege a plausible policy, custom, or causation linking any policy or custom directly to the constitutional violation. Mot. at 16-18.

Under *Monell v. Department of Social Services of City of New York*, a municipality may be held liable for the illegal or unconstitutional actions of its employees in a civil rights action only when those actions result from a policy, custom, or practice attributed to the City. 436 U.S. 658, 690–91 (1978). "In order to establish liability for governmental entities under *Monell,* a plaintiff must prove (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks and citations removed; alternations in the original). The Ninth Circuit has defined a policy as "a deliberate choice to follow a course of action … made from among various alternative by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (internal quotation omitted). A municipality acts with deliberate indifference when it has "actual or constructive notice" that the action or inaction in question is "substantially certain to result in the violation of the constitutional rights of their citizens." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 396 (1989). Plaintiffs can meet this standard by either showing that "the policy [is] so facially deficient that any reasonable policy maker would recognize the need to take action," or by showing "a pattern of prior, similar violations of federally protected rights, of which the relevant policy makers had actual or constructive notice." *Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1142 (9th Cir. 2020).

Here, the FAC fails to allege a policy or practice that is sufficiently entrenched and pervasive to carry the force of law. *Gordon v. County of Orange*, 6 F.4th 961, 974 (2021). The FAC alleges SDUSD "has a history of failing to properly preserve electronic records,

including emails and videos, and has been involved in litigation concerning retention practices." SAC ¶ 18. Additionally, the SAC alleges that SDUSD "maintained policies or customs of failing to preserve electronic evidence, inadequately training staff on subpoena compliance, and ignoring litigation holds." SAC ¶ 38. This language is conclusory and simply restates the elements required for *Monell* liability. In his opposition, Plaintiff cites *Voice of San Diego v. San Diego Unified School District*, No. 37-2018-00026433-CU-WM-CTL (Cal. Super. Ct. Mar. 28, 2024) as a prior judicial finding placing SDUSD on notice of their record retention policy. Opp'n at 6. However, that case addressed email retention policies under the California Public Records Act, not the preservation of surveillance footage or the standards governing municipal liability. *Id.*; Mot. at 7. As Defendants note, a single instance of failing to retain video evidence does not constitute the kind of widespread pattern or entrenched custom required for *Monell* liability. Mot. at 7. The SAC fails to allege a policy, pattern or direct causal link to Plaintiff's alleged constitutional violation. Additionally, the SAC fails to allege the constitutional right violated by Defendants failing to preserve surveillance footage. *See generally* SAC.

Thus, the motion to dismiss Plaintiff's *Monell* claim is **GRANTED** with leave to amend should Plaintiff be able to allege plausible facts showing all elements of a *Monell* violation.

**F. Intentional Spoilation of Evidence Claim**

Defendant argues that there is no state cause of action for intentional spoilation or destruction of evidence. Mot. at 18. In his opposition, Plaintiff states that he does not allege an independent cause of action for spoilation of evidence, but it is instead the predicate conduct for his denial of access to the courts cause of action. Opp'n at 6. Despite Plaintiff's argument in opposition to the motion to dismiss, the FAC lists an intentional spoilation of evidence cause of action as the sixth cause of action. FAC ¶¶ 40-41. Regardless, Plaintiff appears to concede that there is no tort for intentional spoilation or destruction of evidence. The Court agrees.

There is no tort for intentional spoliation or destruction of evidence by a third party who is not a participant in the underlying litigation to which the evidence pertains. *Temple Community Hospital v. Superior Court*, 20 Cal. 4th 464, 471 (1999). Thus, the intentional spoliation of evidence cause of action is **DISMISSED** with prejudice.

**G. Qualified Immunity**

Defendants argue that they are entitled to qualified immunity. Mot. at 19. Since the Court finds that no constitutional right has been alleged in the SAC and grants Plaintiff leave to amend, the Court declines to address qualified immunity at this time. Defendants are welcome to raise qualified immunity in any future motions after the filing of an amended complaint.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss and **ORDERS** the following:

(1) The familial association claim is **DISMISSED with prejudice** and without leave to amend;

(2) The denial of access to the courts claim is **DISMISSED without prejudice** and with leave to amend;

(3) The fraud on the court claim is **DISMISSED with prejudice** and without leave to amend;

(4) The civil conspiracy claim is **DISMISSED with prejudice** and without leave to amend;

(5) The *Monell* claim is **DISMISSED without prejudice** and with leave to amend; and

(6) The Intentional Spoliation of Evidence claim is **DISMISSED with prejudice** and without leave to amend.

The Court gives Plaintiff leave to amend the complaint to address the deficiencies highlighted above. In the event that Plaintiff elects to file an amended complaint, he must do so within **thirty (30) days** of this Order. Any amended complaint must be complete in

itself, without reference to any prior complaints. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.") The Court cautions Plaintiff that failure to file an amended complaint will result in dismissal of this case.

**IT IS SO ORDERED.**

Dated: September 30, 2026

Honorable James E. Simmons Jr.
United States District Judge